IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARY EVAN GIAMALVA, | § | |
| TDCJ-CID NO.1202929, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-2543 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Cary Evan Giamalva, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254, from the sentence imposed in a 2003 conviction for assault of a family member in the 179th Criminal District Court of Harris County, Texas in cause number 939030. Petitioner's first federal habeas petition challenging his conviction and sentence was dismissed as time-barred. *See Giamalva v. Thaler*, Civil Action No.4:08-3112 (S.D. Tex. Nov. 10, 2009). For the reasons to follow, the Court will dismiss the pending petition without prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when, as here, it raises a claim or claims challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.[1] *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *see also Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009). The fact that the earlier petition was dismissed with prejudice on limitations grounds does not remove the

---

[1] Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the Court finds the pending petition for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's previous habeas application, challenges the execution of petitioner's sentence in cause number 939030.

1

subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). *Compare Gonzalez v. Crosby*, 545 U.S. 524, 533 n.6 (2005). Thus, before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

In this case, petitioner has not made any showing of having obtained authorization from the Fifth Circuit Court of Appeals to file a successive federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus.

Accordingly, this action is DISMISSED without prejudice to seeking authorization from the court of appeals to proceed in this Court on any new claims.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For this reason, this court finds that a certificate of appealability should not issue in this case.

Petitioner's application to proceed *in forma pauperis* (Docket Entry No.2) is DENIED. All other pending motions are DENIED.

SIGNED at Houston, Texas, this 26th day of July, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE